UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION



FILED
JUL - 2 2003
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| LITECUBES, L.L.C., <br> a California Limited Liability Co., and <br><br> CARL R. VANDERSCHUIT, <br><br> Plaintiffs, <br><br> vs. <br><br> GLOWSTICKFACTORY.COM <br>     A Massachusetts Proprietorship, <br> and <br><br> ROSS INDUSTRIES <br>     A Massachusetts Corporation <br><br> Defendants. | 04 11474 RCL <br><br> Case No.: <br> 4:03CV 0892TCM <br><br> JURY TRIAL DEMANDED <br><br><br> 04 11474 RCL <br><br> MAGISTRATE JUDGE Collings |

## COMPLAINT

COME NOW plaintiffs LITECUBES, L.L.C. ("Litecubes") and CARL R. VANDERSCHUIT, for their Complaint against GLOWSTICKFACTORY.COM and ROSS INDUSTRIES ("Defendants") state and allege as follows:

### JURISDICTION AND VENUE

1.   This action arises under the Copyright and Patent Laws of the United States (Titles 17 and 35, United States Code, respectively) and the Lanham Act (Title 15, United States Code, Section 1125 et seq.).

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1338(a).

3.   Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. §§1400(a) and (b) and Missouri's Long-Arm Statute. Mo.Rev.Stat. § 506.500.

#1

## FACTS COMMON TO ALL COUNTS

4. Plaintiff Litecubes is a California Limited Liability Joint Stock Company, having a principal place of business in San Diego, California.

5. Plaintiff Carl R. VanderSchuit is a California resident.

6. Upon information and belief, Defendant Glowstickfactory.com is a Massachusetts Proprietorship, having a principal place of business in Hull, Massachusetts.

7. Upon information and belief, Defendant Ross Industries is a Massachusetts Corporation, having a principal place of business in Hull, Massachusetts.

8. Litecubes manufactures and sells an illuminatable beverage accessory that consist of a sculpture in the form of a melting ice cube that is made from FDA-approved plastic ("the Litecube"). The beverage accessory also contains a light and re-freezable gel.

9. U.S. Patent No. 6,416,198 ("the '198 patent"), entitled "Illuminatable Beverage Accessory Device," the lawful inventor and owner being Carl R. VanderSchuit, is attached hereto as Exhibit A. The '198 patent was duly and legally granted by the United States Patent Office on July 9, 2002 as the result of an application filed July 28, 2000. The '198 patent claims an illuminatable beverage accessory device.

10. Thereafter, the '198 patent was licensed to Litecubes.

11. Upon information and belief, Defendants have in the past, and continue to this date, to offer for sale in the United States and in this judicial district, an illuminatable beverage accessory that infringes one or more claims of the '198 patent.

12. Litecubes is the Owner of the copyright in, and has obtained a Certificate of Copyright Registration, VA 1-117-699, for a sculpture entitled "Litecubes Novelty Item" (Exhibit B). Exhibit B also includes the deposit for that Registration, comprising several images of the copyrighted sculpture.

13. Litecubes has complied with all statutory formalities required by the Copyright Act to maintain the validity of the copyright in the sculpture covered by registration of Exhibit B.

14. Litecubes has been, and still is, the sole proprietor of all rights, title, and interest in and to the copyright registration of Exhibit B.

15. Litecubes has always maintained the exclusive right under the Copyright Act to reproduce, distribute, and modify and to authorize the reproduction, distribution, and modification of the sculpture covered by the registration of Exhibit B.

16. Upon information and belief, Defendants have in the past, and continue to this date, to offer for sale in the United States and in this judicial district, an illuminatable beverage accessory that is virtually identical to Litecubes' copyrighted sculpture.

17. Upon information and belief, Defendants are undertaking all of the above-referenced acts of infringement in the state of Missouri and, more particularly, in this judicial district, through interactive web sites.

18. Upon information and belief, all of the above-referenced actions taken by Defendants have been, and continue to be, willful, wanton and deliberate. Defendants have been notified of their infringing conduct, yet continue to offer the infringing product for sale.

## COUNT I

## COPYRIGHT INFRINGEMENT

19. Litecubes realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

20. Upon information and belief, Defendants and/or one of their suppliers has had access to Litecubes' copyrighted works through the presence of the copyrighted sculpture in the marketplace and on Litecubes' website.

21. At no time has Litecubes ever granted or licensed Defendants the right to copy or modify Litecubes' sculpture, or to distribute or sell such unlawfully copied works.

22. Upon information and belief, Defendants have in the past, and continue to this date, to offer for sale and sell in the United States and in this judicial district, a sculpture substantially similar to Litecubes' copyrighted work and transmit into this district unauthorized copies of the Litecube sculpture.

23. Upon information and belief, Defendants continue to infringe Litecubes' copyrights, and unless preliminarily and permanently enjoined by Order of this Court, Defendants will continue to infringe Litecubes' copyrights, all to Litecubes' irreparable injury. Furthermore, Litecubes is without an adequate remedy at law.

24. Defendants have committed all the aforementioned acts of infringement deliberately and willfully. Defendants have been duly notified of Litecubes' intellectual property rights.

25. Litecubes has sustained, and will continue to sustain, substantial injuries, loss and damage to its exclusive rights under the Copyright Act in Litecubes' copyrighted works.

Further, Litecubes has sustained, and will continue to sustain, damages from the loss of the value of is exclusive rights by reason of Defendants' acts detailed above.

## COUNT II

### PATENT INFRINGEMENT

26. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

27. Upon information and belief, Defendants have for a time past and still are purposefully offering for sale, or aiding and abetting and contributing to such activities, in the United States and in this judicial district, illuminatable beverage accessories that infringe one or more claims of the '198 patent. Defendants have done so without license or authority from Mr. VanderSchuit or Litecubes.

28. Defendants have actual notice of the '198 patent and have infringed and are continuing to infringe the '198 patent by offering for sale and/or selling in the United States and in this judicial district illuminatable beverage accessories, all without license or authority from Mr. VanderSchuit or Litecubes. Defendants' actions amount to willful and wanton patent infringement.

29. Defendants' infringement of the '198 patent has damaged and will continue to damage Mr. VanderSchuit's and Litecubes, including but not limited to lost profits from lost sales, and lost income from competition from infringing products.

## COUNT III

### UNFAIR COMPETITION

30. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

31. Upon information and belief, Defendants have inequitably pirated Litecubes' and Mr. VanderSchuit's works and the fruits of Litecubes' and Mr. VanderSchuit's labor.

32. Upon information and belief, Defendants benefited commercially and financially by the pirating of Litecubes' and Mr. VanderSchuit's works.

33. Upon information and belief, the protected sculpture have acquired secondary meaning.

34. Upon information and belief, Defendants' acts of unfair competition have created a likelihood of confusion in the minds of the relevant public as to the authorship, ownership, source, origin, identification and copyright of Litecubes' and Mr. VanderSchuit's works.

35. Defendants' acts of unfair competition have damaged and will continue to damage Mr. VanderSchuit's and Litecubes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests the Court to enter a judgment:

A. That Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined from doing or authorizing directly or indirectly, any of the following activities:

(a) duplicating, distributing, selling, renting, exchanging, trading or lending any unauthorized copies of Litecubes' copyrighted works;

(b) offering to do any of the acts enjoined in subparagraph (a) above; and

(c) from in any manner infringing or contributing or participating in the infringement by others in Litecubes copyrighted work, and from acting in concert with, aiding or abetting others to infringe Litecubes' copyright in any way;

B. That Defendants be required to account for and pay over to Litecubes either (i) the actual damages suffered by Litecubes as a result of the infringement of its copyrights, and any profits by Defendants that are not taken into account in computing actual damages or, (ii) statutory damages of $30,000 for each copyright for all infringement with respect to that copyright, at Litecubes' election. If Litecubes elects statutory damages, and the Court finds that any infringement was committed willfully, Litecubes prays for damages up to $150,000 for each copyright from each defendant for all willful infringement with respect to that title;

C. That Defendants be required to deliver upon oath, to be impounded, all infringing copies of Litecubes' copyrighted works, and any masters used to create such infringing works; and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and by the United States Supreme Court Copyright Practice Rules (1909); and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to Litecubes or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

D. That Defendants be ordered to pay Litecubes its costs of suit incurred herein and attorney's fees pursuant to 17 U.S.C. §505; and

E. Declaring that Defendants have willfully infringed and continues to willfully infringe the '198 patent;

F. Preliminarily and permanently enjoining Defendants, their subsidiaries, agents, officers, employees, directors, licensees, servants, successors, assigns, and all others acting in privity or in concert with them, from infringing, actively inducing infringement or contributing to infringement of the '198 patent;

G. Awarding Mr. VanderSchuit and Litecubes damages adequate to compensate for Defendants' infringement of the '198 patent, together with interest;

H. Awarding Mr. VanderSchuit and Litecubes treble damages pursuant to 35 U.S.C. § 284, and other applicable law, by reason of the willful, wanton, and deliberate nature of Defendants' infringement;

I. Awarding Mr. VanderSchuit and Litecubes attorneys' fees and costs of suit, pursuant to 35 U.S.C. § 285, and other applicable law;

J. Declaring that Defendants have engaged in unfair competition;

K. Awarding Litecubes damages adequate to compensate for Defendants' unfair competition, together with interest; and

L. Awarding Plaintiffs other and further relief as this Court deems just and proper.

HARNESS, DICKEY & PIERCE, P.L.C.

By: *Matthew Cutler*
Rudolph A. Telscher, Jr., #8578
Matthew L. Cutler, #78149
Jacob S. Wharton, #106793
7700 Bonhomme, Suite 400
St. Louis, MO 63105
(314) 726-7500
FAX: (314) 726-7501

ATTORNEYS FOR PLAINTIFFS,
LITECUBES, LLC and CARL
VANDERSCHUIT