UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LITECUBES, L.L.C., <br> a California Limited Liability Co., and <br><br> CARL R. VANDERSCHUIT, <br><br> Plaintiffs, <br><br> vs. <br><br> GLOWSTICKFACTORY.COM <br>     A Massachusetts Proprietorship, <br> and <br><br> ROSS INDUSTRIES <br>     A Massachusetts Corporation, <br><br> Defendants. | Case No.: 1:04-CV-11474-RCL |

**STATUS REPORT BY PLAINTIFFS VANDERSCHUIT AND LITECUBES**

Pursuant to this Court's March 3, 2005, plaintiffs Litecubes, L.L.C. and Carl R. Vanderschuit (collectively "Litecubes") submits the following status report to the Court.

Litecubes has created and marketed a sensation in the novelty industry in the form of a novel beverage accessory, in the form of a light-up ice cube, known as the Litecube. *See, e.g.,* www.Litecubes.com. As an example of this success, Litecubes has sold over $4 million worth of Litecubes in the past 2 and a half years. The success of the Litecube is also evident in the extensive publicity it has received (*i.e.,* in magazines, newspapers, television, etc.). In 2003 alone, the value of the free publicity the Litecube received was valued at over $1 million.

Also indicative of the Litecubes' success is the flood of knock-off products that have entered the market. To date, Litecubes has contacted about 150 infringers. Litecubes has only

1

been forced to initiate legal action against individuals or companies who have undertaken extraordinary efforts to damage Litecubes' intellectual property rights.

One such infringing entity is Glowstickfactory.com, a Massachusetts sole proprietorship, that owns at least two websites that sells novelty products.[1]  Glowstickfactory sold, via www.glowstickfactory.com and www.noveltydiscount.com, light-up ice cube products that are virtually identical to Litecubes' duly issued copyright and that also infringe Litecubes' '198 patent.

Upon learning of Glowstickfactory's infringing products, Litecubes contacted defendant via a letter requesting, *inter alia*, that defendant cease and desist from selling infringing products on its website.  Despite a phone message from a Glowstickfactory employee on or around June 1, 2003 stating that defendant would cease the sale of lighted ice cubes, sales continued.

In the face of Glowstickfactory's willful refusal to cease selling the blatantly infringing product, on July 2, 2003, Litecubes filed a complaint in the Eastern District of Missouri alleging, *inter alia*, copyright infringement, patent infringement, and unfair competition for the sale of plaintiffs' patented products via the websites.  On June 28, 2004, the District Court for the Eastern District of Missouri transferred the case to this Court pursuant to 28 U.S. C. § 1404(a).

Regarding the substance of the allegations contained in the Complaint, in general, while defendants have denied selling the infringing products, the evidence is clear that such products were offered for sale and sold on defendants' websites (an offer for sale is all that is required for infringement, though the evidence indicates that Glowstickfactory had actual sales of the products).  It is also clear that the items sold by Glowstickfactory were virtually identical to

---

[1] At the time of service, it was believed that Ross Industries owned and operated www.noveltydiscount.com (indeed, the registration for that site listed Ross as the owner).  Since that time, it has become apparent that Glowstickfactory owns www.noveltydiscount.com (as is clear from a change in the registration information for that site).  Thus, while Ross has not answered the complaint, it is believed that Glowstickfactory is the only party in interest.  Further discovery will confirm this point.  At that point, Litecubes will move to dismiss Ross Industries.

Litecubes' valid copyright registration.[2]  As a result, Litecubes is entitled to statutory damages ($750 to $30,000, up to $150,000 for willful infringement) and the reimbursement of its attorney fees.  Thus, while this case could have settled early for a nominal amount, Glowstickfactory has sought to multiply the litigation.  In the meantime, Glowstickfactory's attorney has been forced to withdraw from the case due to disciplinary issues and David Fromm, owner of Glowstickfactory, has sought to represent the company pro se.

It is important to note that Glowstickfactory has since removed the infringing products from its websites.  At this time, therefore, this case is strictly about the damages owed by defendants for past infringement and an injunction against further infringement.

In light of the current status, Litecubes requests that this Court schedule a status conference whereby all parties could appear, and a case management order set, with a view toward an early trial date to dispose of this matter.

Respectfully submitted,

HARNESS, DICKEY & PIERCE, P.L.C.


By:_____/s/ Matthew L. Cutler_____
    Matthew L. Cutler, Pro Hac Vice
    Harness, Dickey & Pierce, P.L.C.
    7700 Bonhomme, Suite 400
    St. Louis, MO 63105
    (314) 726-7515
    FAX:  (314) 726-7501

Attorneys for Plaintiffs VanderSchuit and Litecubes

Dated: March 15, 2005

---

[2]  The patent and unfair competition claims are secondary remedies in that the copyright cause of action is so straightforward and Litecubes is not seeking parallel damages.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon defendant Glowstickfactory.com, as listed below, by placing a copy of the same in the U.S. Mail, postage prepaid, on this 15th day of March, 2005.

David Fromm d/b/a
the "Glowstickfactory.com"
62 L Street
Hull, MA  02045


/s/ Matthew L. Cutler