1

UNITED STATES DISTRICT COURTY
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Litecubes, LLC, a California Limited Liability Co., and ) <br> Carl VanderSchuit, ) <br>        Plaintiffs ) <br> v. ) <br> ) <br> Glowstickfactory.com, a Massachusetts Proprietorship, and ) <br> Ross Industries, a Massachusetts Corporation ) <br>        Defendants ) <br> ) | Case No: <br><br> 1:04-CV-11474-RCL |

# SUPPLEMENTAL STATUS REPORT
# OF THE DEFENDANT, GLOWSTICKFACTORY.COM

Now comes Defendant, Glowstickfactory.com, (hereinafter the "GSF"), and respectfully submits this Supplemental Status Report, filed in response to various representations made by the Plaintiffs in their "Status Report by Plaintiffs Vanderschuit and Litecubes", (hereinafter "Litecubes"), dated March 15, 2005.

The Defendant, GSF respectfully submits that several representations were set forth by Litecubes in their Status Report which require this response by GSF in order that the Court fully understand the nature of this claim and the series of events which have brought the parties to this point in the litigation process.

For this reason, and with that purpose in mind, GSF respectfully submits this Supplemental Status Report for the Court's consideration.

## CERTIFICATE OF SERVICE

I hereby certify that this document was served upon counsel of record for all parties, via first class mail, on Wednesday, April 6, 2005.

David Fromm

# REPRESENTATION #1

**"Also indicative of the Litecube's success is the flood of knock-off products that have entered the market. To date, Litecubes has contacted about 150 infringers. Litecubes has only been forced to initiate legal action against individuals or companies <u>who have undertaken extraordinary efforts to damage Litecubes' intellectual property rights</u>...One such infringing entity is Glowstickfactory.com." [1]**
(emphasis added).

Litecubes believes, and so states, that GSF has "undertaken extraordinary efforts to damage Litecubes' intellectual rights." Nothing could be further from the truth. In fact, Litecubes is well aware that GSF has undertaken extraordinary efforts to recognize and respect Litecubes' intellectual rights.

GSF received a phone call from Attorney Matthew Cutler, who identified himself as counsel for Litecubes. Attorney Cutler represented that Litecubes had a patent for an electronic ice cube product. A copy of the patent was then sent to GSF to review.

Within days, GSF received a copy of the patent in the mail. Assuming the patent to be true, GSF immediately stopped selling the electronic ice cube products it then had in stock. GSF immediately took the product off the website.

GSF then instructed its webmaster to remove all images of the product from its website.

GSF extended complete and utter cooperation from the outset. David Fromm, as the owner of GSF and the individual with whom Attorney Cutler was communicating concerning these matters, is a person who respects all patents in the marketplace.

---

[1] <u>Status Report of Plaintiffs Vandershuit and Litecubes</u>, dated March 15, 2005, at pgs. 1-2, attached hereto as <u>Exhibit #1</u>.

# REPRESENTATION #5

## "In the meantime, Glowstick's attorney has been forced to withdraw from the case due to disciplinary issues..." [5]

Finally I wish to hold up as an example of the unnecessary acrimony and disrespect which have been hallmarks of Attorney Cutler's contacts with us, the gratuitous mention of Attorney Perry's disciplinary action. (Which, by the way, was connected to personal issues and in no way resulted from his practice of law).

In his redundant reminder to the Court of my pro se status, Attorney Cutler's reference to Attorney Perry's troubles, completely irrelevant to the case at hand, borders on malice. I believe he attempts to cast aspersions on Attorney Perry in order to cast them also upon me, by association.

Unfortunately, Attorney Cutler did not have the privilege of being present in Courtroom 5 on October 22, 2003 when Attorney Perry's case was adjudicated before Judge Mark L. Wolf. Had he been in that Courtroom on that date, Attorney Cutler would have witnessed Judge Wolf applaud Attorney Perry's personal rehabilitation efforts as "extraordinary" and would have further heard Judge Wolf comment that he, and the entire federal court system, was "rooting" for Attorney Perry's continued personal success.

If any comment upon Attorney Perry's character were needed, I would seek out Judge Wolf's opinion first of all to save the trouble of further investigation.

Attorney Cutler may well be used to getting away with such snide and cynical personal slights in the course of his practice. They will not however pass without response from me. I look forward to making the facts of this case known to the Court which will find them quite other than represented by this plaintiff and his attorney.

Respectfully submitted,
By the Defendant, David Fromm, d/b/a the "Glowstickfactory.com"
On his own behalf, pro se

DAVID FROMM, Pro Se Defendant
62 L Street
Hull, MA 02045
(781)-727-9146

---

[5] Status Report of Plaintiffs Vandershuit and Litecubes, dated March 15, 2005, at pg. 3, attached hereto as Exhibit #1.

## REPRESENTATION #2

**"In the face of Glowstickfactory's willful refusal to cease selling the infringing product, on July 2, 2003, Litecubes filed a complaint in the Eastern District of Missouri..."** [2]

This is an absolute fabrication.

At no time did GSF refuse to cease selling the infringing product. In fact, GSF immediately ceased selling the product in question, solely upon the possibility that the assertions made by Litecubes might be correct.

## REPRESENTATION #3

**"Thus, while this case could have been settled early for a nominal amount, Glowstickfactory has sought to multiply this litigation."** [3]

This statement is as false as it is misleading.

While it was always my understanding that the specifics regarding settlement discussions are typically considered privileged, Litecubes apparently feels otherwise. Litecubes seems to take the position that such settlement discussions can and should be shared before the Court, and has apparently chosen to utilize its Status Report as its vehicle to do so.

With that door now opened by Litecubes, GSF feels the need to set the record straight.

---

[2] Status Report of Plaintiffs Vandershuit and Litecubes, dated March 15, 2005, at pg. 2, attached hereto as Exhibit #1.

[3] Status Report of Plaintiffs Vandershuit and Litecubes, dated March 15, 2005, at pg. 3, attached hereto as Exhibit #1.

# REPRESENTATION #4

**"It is important to note that Glowstickfactory has since removed the infringing products from its website. At this time, therefore, this case is strictly about the damages owed by defendants for past infringement and an injunction against further infringement"** [4]

Litecubes appears to be under the mistaken impression that because GSF removed the allegedly infringing products from its website, that this is some sort of admission on the part of GSF that it was selling an infringing product, and **"therefore, this case is strictly about the damages owed by defendants..."**

GSF disagrees with this statement, and any such inferences which might be drawn from that statement.

Litecubes is aware that GSF has denied that it continues, or has in the past, offered for sale an electronic beverage accessory that infringes on Litecubes' patent. This was made clear to Litecubes in the <u>Answer</u> GSF filed in response to Litecubes' <u>Complaint</u>. GSF calls upon Litecubes to prove every allegation it set forth in its <u>Complaint</u> filed against GSF.

GSF removed the allegedly infringing product from its website purely as a precautionary measure. Its doing so is not, and was never meant to be taken as an admission on GSF's part.

Rather, GSF maintains that the sale of any electronic beverage product is not a priority in the overall business plan of GSF. In fact, the sale of such a product actually represented a minimal percentage of GSF's overall sales, and it made no sense to carry such a product if there was a chance that an infringement was present.

The decision to remove the item from GSF's product line was one of precaution, and was inconsequential to GSF's overall revenues or business future.

By no means, however, should the Court construe GSF's decision to remove the ice cube product in question from its website as an admission of some sort which would render this dispute one of solely damages. Such is not the case.

GSF concedes nothing to Litecubes, and calls upon Litecubes to prove each and every element of its case.

---

[4]  <u>Status Report of Plaintiffs Vandershuit and Litecubes</u>, dated March 15, 2005, at pg. 3, attached hereto as <u>Exhibit #1</u>.

4

At the outset, Litecubes extended the following offer to resolve the claim:

1.  that GSF agree not to sell any of its remaining inventory of illuminable beverage products;
2.  that Litecubes will agree to waive any damages in light of the relatively minimal number of cubes sold to date;
3.  that GSF provide Litecubes with the name of its supplier in China; and
4.  that GSF be willing to pay attorney's fees in the amount of $2,000.00.

Upon contacting Attorney Cutler several days later to determine where the payment should be sent and how the release would be obtained, Attorney Cutler indicated that the amount needed to cover all attorney fees due had increased from $2,000.00 to a figure approaching approximately $7,000.00.

Litecubes was then taking the position that payment of attorney fees in the amount of $7,000.00 would be required if an agreement to resolve the matter was to be reached, thereby avoiding the costs GSF would incur to litigate the matter.

Litecubes then informed GSF that it would be willing to re-negotiate that costs of settlement if GSF were willing to become a distributor of Litecubes' illuminabloe beverage accessories on GSF's website.

To that end, if GSF were willing to order $30,000.00 worth of Litecubes' products, then the suit could be resolved for a more reasonable figure.

It became clear to GSF at that moment that Litecubes was using the Federal Court, and the threat of litigation as a marketing tool to develop a network of distributors for its product line.

GSF refused Litecubes' offer of becoming a distributor of its products informing Litecubes that GSF would prefer not to sell that product, or any similar product for that matter. The electronic ice cube product in question simply did not represent GSF's customary product line.

At no time did GSF seek to "multiply the litigation" as suggested by Litecubes.